UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINA NELSON,

    Plaintiff,

v.     CASE NO. 8:24-cv-2810-TPB-SPF

KELLY SERVICES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, construed as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and Plaintiff's request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed.

**I.  BACKGROUND**

Plaintiff filed a complaint against her former employer, Kelly Services, alleging that she was wrongfully terminated (Doc. 1). In the form complaint, Plaintiff alleges the bases for federal jurisdiction are Title VII, the Americans with Disabilities Act, and "Retaliation" (*Id.* at 3). Plaintiff then alleges that the discriminatory conduct she complains of is termination of employment, failure to accommodate her disability, unequal terms and conditions of employment, retaliation, and wrongful termination (*Id.* at 4). Plaintiff attaches her EEOC Charge of Discrimination, which provides the following factual support for her claims:

> During my employment with Kelly Services Inc., hereinafter known as Respondent, I was staffed as a remote Customer Care Representative for TransAmerica Life Insurance Co. from February 14, 2024 to July 1, 2024. I had been experiencing unresolved system issues despite continuous efforts with management and the help desk. On July 1, 2024, TransAmerica was attempting to assist in rectifying the issue and during that call I used profanity. Transamerica then contacted Respondent, and my employment was terminated for using profanity while on the call with a customer which is inaccurate. I feel the employer's decision to terminate my employment was excessive. Respondent failed to utilize progressive discipline subjecting me to unfair terms and conditions of employment. Respondent was aware of the technical issues I was experiencing and that there was not a customer on the line when I used profanity. However, I was still removed from the contract early and have been unable to obtain employment.
>
> I believe I have suffered retaliation and was unlawfully discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended and all applicable state statutes.

(Doc. 1-1).

## II. STANDARD

Under 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F.

App'x 846, 848 (2015).[1] Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id*. at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id*. at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

### III. DISCUSSION

Upon review of Plaintiff's filings, it appears she is financially eligible to proceed *in forma pauperis* (Doc. 2). The Court, however, recommends dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

Construing Plaintiff's complaint liberally,[2] the Court can ascertain that Plaintiff seeks to assert a claim for retaliation under Title VII and that she pursued her administrative remedies with respect to the retaliation claim with the EEOC prior to filing suit.[3] To establish a retaliation claim under Title VII, a plaintiff must "show that (1) he engaged in protected activity, (2) he suffered a materially adverse action, and (3) a causal

---

[2] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[3] Plaintiff states in her Complaint that she suffered discrimination, failure to accommodate her disability, unequal terms and conditions of employment, retaliation, and numerous other violations by Defendant, but there are no factual allegations in the Complaint or Charge of Discrimination supporting these allegations (Docs. 1, 1-1). Indeed, her Charge of Discrimination only asserts a claim for retaliation and does not provide any allegations relating to discriminatory conduct (Doc. 1-1). As a result, the only claim at issue is a retaliation claim pursuant to Title VII.

connection existed between the activity and the adverse action." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citing *Dixon v. The Hallmark Cos.*, 627 F.3d 849, 856 (11th Cir. 2010) (per curiam)).  A plaintiff engages in protected activity when she opposes any practice prohibited by Title VII, or makes "a charge, testifie[s], assist[s], or participate[s] in any manner in an investigation, proceeding, or hearing under" Title VII. *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (citing 42 U.S.C. § 2000e–3(a)).

Here, Plaintiff's claim must fail because her claim is not based on protected activity, *i.e.*, for her opposition to an unlawful employment practice, her filing of a charge or complaint under Title VII, or her participation in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).  Instead, Plaintiff alleges that she was fired for using profanity and believes this was excessive. "[I]t is not enough for a plaintiff to show that he opposed garden-variety unfairness or harsh treatment in the workplace; he is only protected from retaliation if the practice he opposed or complained about is specifically prohibited by Title VII." *Concannon v. Int'l Cruise & Excursions*, No. 6:18-cv-2093-Orl-37KRS, 2019 WL 500536, at *3 (M.D. Fla. Jan. 2, 2019) (quoting *Pinder v. John Marshall Law Sch.*, 11 F. Supp. 3d 1208, 1263 (N.D. Ga. 2014)).

The only protected activity referenced in Plaintiff's Complaint is the charge she filed with the EEOC, which occurred months after Defendant terminated her employment (Doc. 1-1).  Because her termination preceded the protected activity, it cannot form a basis for Plaintiff's retaliation claim. *See LaCroix v. Hilton Grand Vacations*, No. 6:19-cv-565-Orl-41LRH, 2019 WL 2090853, at *3 (M.D. Fla. Apr. 16, 2019) (finding that a plaintiff did

5

not allege retaliation where the protected activity came after the adverse employment action). As such, Plaintiff's Complaint fails to state a claim for retaliation under Title VII.

Notwithstanding these deficiencies, the undersigned recommends that the Court dismiss Plaintiff's Complaint with leave to file an amended complaint. While it seems doubtful that Plaintiff can state a claim upon which relief may be granted based on the facts alleged, "courts must generally give a *pro se* party at least one opportunity to amend before dismissing the complaint." *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1377 (M.D. Fla. 2014) (citing *Cornelius v. Bank of Am., NA,* 585 F. App'x 996, 1000 (11th Cir. 2014)).

Accordingly, it is **RECOMMENDED:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be denied without prejudice.

2. Plaintiff's Complaint (Doc. 1) be dismissed without prejudice and with leave to amend.

3. Plaintiff be allowed to file an amended complaint that sets forth factual allegations establishing a claim for relief and to file a renewed request to proceed *in forma pauperis*.

4. Plaintiff be advised that failure to file an amended complaint may result in dismissal of this case with prejudice and without further notice.

**IT IS SO REPORTED** in Tampa, Florida, on April 18, 2025.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.